UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

GHERSON TOVAR and LARRY WIEGAND,
Individually and on behalf of all others
similarly situated,

      Plaintiffs,

v.

NBTY, INC., and UNITED STATES
NUTRITION INC.,

      Defendants.                                    No. 16-cv-1037-DRH

ORDER

HERNDON, District Judge:

This matter is before the Court *sua sponte* for determination of whether subject matter jurisdiction exists. This is a putative class action commenced after the effective date of the CAFA in which the proposed class is alleged to contain one hundred or more members and the claims of the proposed class are alleged to total in the aggregate an amount in excess of $5 million, exclusive of interest and costs (Doc. 1). Unfortunately, minimal diversity of citizenship is not properly alleged.

According to the complaint, defendant NBTY, Inc. is "licensed in" the State of Delaware, with its principal place of business in New York. and defendant United States Nutrition, Inc. is "licensed in" the State of Delaware with its

principal place of business in New York. As the Seventh Circuit has explained, being "licensed" or "authorized" to do business in a state does not necessarily make a corporation a citizen of that state because besides the state of incorporation, a corporation is only a citizen of the state in which it has its principal place of business (or its "nerve center"), not every state in which it does business." *Wojan v. General Motors Corp.,* 851 F.2d 969, 974 (7th Cir. 1988). Here, plaintiffs have alleged each defendant's principal place of business (New York) but have failed to allege each defendant's state of incorporation. Plaintiffs must amend their complaint to properly allege the citizenship of the defendant corporations.

Jurisdictional allegations as to the plaintiffs are also insufficient. The named plaintiffs (Tovar and Wiegand), like the members of the proposed class, are alleged only to be residents of Illinois. Of course, to invoke federal diversity jurisdiction, a natural person must be alleged to be a citizen, not a resident, of a state. Thus, allegations of residence are insufficient to establish diversity jurisdiction. *See Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998)). Plaintiffs must amend their complaint to allege the citizenship of Tovar, Wiegand, or a member of the proposed class not the residence of the proposed class members.

Plaintiffs are **ORDERED** to file a first amended complaint properly alleging citizenship, so as to invoke minimal diversity of citizenship under the CAFA not later than October 13, 2016. Failure to file a first amended complaint as herein

ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 6th day of October, 2016.

Digitally signed by
Judge David R.
Herndon
Date: 2016.10.06
11:57:07 -05'00'

**United States District Judge**